IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO,<br>No. 02614-029,<br><br>        Plaintiff,<br><br>vs.<br><br>USA, et al.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-01331-SMY<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anthony Castro, an inmate in the Federal Correctional Institution in Otisville, New York, brings this action for various incidents that occurred while he was housed at the United States Penitentiary in Marion, Illinois, which is within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

As a preliminary matter, the Court grants Plaintiff's motion to correct the typographical error on page 2 of the complaint, where Defendant C/O Humphrey is incorrectly referred to as "Murphrey" (Doc. 6).

According to the complaint, on April 26, 2014, Plaintiff, who is handicapped and uses a wheelchair and walker, was "brutally assaulted" by another inmate without any provocation. Plaintiff fell to the ground and could not defend himself. By coincidence, a correctional officer from another unit interrupted the attack, which was lucky for Plaintiff, because his assailant had a "shank." Plaintiff attributes the attack to the fact that the unit officer, C/O Humphrey, was not in the unit. The failure to protect Plaintiff from harm is also characterized as "cruel and unusual punishment."

Brooks, the officer who stopped the assault, called for assistance, but "in the heat of the moment," Brooks summoned help to the wrong unit. Brooks corrected his mistake and "within seconds" officers arrived. Plaintiff was then taken to the medical unit. Nurses cleaned blood from Plaintiff's head, eyes, neck and torso, but offered no other care. The nature of Plaintiff's injuries is not disclosed in the complaint, but an attached exhibit indicates that Plaintiff had cuts,

bruises and abrasions and his eye was swollen (*see* doc. 1-1, p. 4). Plaintiff claims "there was negligence by health services."

Lt. Butler and Lt. Malcomb took pictures of Plaintiff and then took him to the SHU—segregation. While in the SHU, Plaintiff was deprived of his wheelchair and walker, so he could not go to the showers or go outside for recreation. The SHU is also not handicapped accessible. In addition, when SHU officers transported Plaintiff, they pushed his wheelchair too fast—"play[ing] race car driver." The officers also rolled over "potholes" and cracks on purpose, exacerbating Plaintiff's back pain.

Named as defendants are: the USA, C/O Humphrey; Warden J.S. Walton; Health Services Administrator Winklemeier; Nurse Patrick Trovillion; Nurse Richardson; Counselor Eric Edmister; Physician's Assistant Leslee D. Brooks; C/O Tolbert; C/O Walters; C/O Mowery; C/O Lenon; C/O Quartmous; C/O Hampton; C/O Cook; C/O Hicks; and C/O Morris. Plaintiff seeks compensatory and punitive damages.

The complaint does not specify whether Plaintiff is asserting constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), or negligence claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, or claims under the American with Disabilities Act, 42 U.S.C.A. § 12101 *et seq*. Because Plaintiff is *pro se*, and Federal Rule of Civil Procedure 8 only requires "notice" pleading, the Court must surmise what claims Plaintiff is attempting to pursue.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** C/O Humphrey, in his individual capacity and acting with deliberate indifference, failed to protect Plaintiff from assault, in violation of the Eighth Amendment;
>
> **Count 2:** The United States, by and through C/O Humphrey, acting negligently, failed to protect Plaintiff from assault;
>
> **Count 3:** The United States, by and through "Health Services" personnel, negligently denied Plaintiff medical care for his injuries;
>
> **Count 4:** When Plaintiff was housed in the SHU, Plaintiff was deprived of his wheelchair and walker, and housed in a unit that was not ADA compliant; and
>
> **Count 5:** When Plaintiff was housed in the SHU, he was denied showers and recreation, in violation of the Eighth Amendment.

The complaint also describes a *de minimis* delay by "C/O Brooks" in securing assistance after Brooks walked in and stopped the assault upon Plaintiff. No claim regarding the delay has been recognized because, first, C/O Brooks is not a named defendant. Physician's Assistant Brooks is listed as a defendant, but the narrative portion of the complaint specifically describes Brooks as a correctional officer. Second, a tort (even a constitutional tort) requires injury and the Seventh Circuit adheres to the doctrine *de minimis non curat lex*—meaning the law does not concern itself with trifles. *See generally Hessel v. O'Heam*, 977 F.2d 299, 304 (7th Cir. 1992); *see also Williams v. City of Champaign*, 524 F.3d 826, 829 (7th Cir. 2008). The short delay described in the complaint qualifies as a "trifle." Any intended claim(s) regarding the delay caused by C/O Brooks calling help to the wrong unit should be considered dismissed without prejudice.

Although Lt. Butler and Lt. Malcomb are mentioned in the complaint, the Court did not discern any possible claim(s) against them, and they are not named defendants.

**Discussion**

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm to health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Pursuant to the Eighth Amendment, prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Such constitutional tort claims against federal officers are brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See also Arnett v. Webster*, 658 F.3d 742, 750 n.1 (7th Cir. 2011). "[F]ederal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only." *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005).

The allegations in the complaint regarding Plaintiff being assaulted while C/O Humphrey was out of the unit may suggest an Eighth Amendment "failure to protect" claim. However, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. The complaint, as pleaded, does not reasonably suggest that C/O Humphrey acted with deliberate indifference. Therefore, Count 1 will be dismissed without prejudice.

**Count 2**

Count 2 is premised upon the same general scenario as Count 1 regarding the assault against Plaintiff while C/O Humprey was away from his post.

Federal prisoners may bring suit under the FTCA for injuries sustained through the negligent acts of prison officials. *Palay v. United States,* 349 F.3d 418, 425 (7th Cir.2003) (discussing *United States v. Muniz,* 374 U.S. 150 (1963)).  The FTCA is the exclusive avenue for securing monetary damages for the negligence of government employees.  *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States,* 694 F.3d 852, 856 (7th Cir.2013).  The United States is the only proper defendant to an FTCA case, thus explaining why Count 2 is lodged against the United States, as opposed to C/O Humphrey.  *See* 28 U.S.C. § 2679(b).

An FTCA claim may be brought for:

> [P]ersonal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay,* 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)).

Under Illinois law, a plaintiff states a claim for negligence if he alleges "facts establishing the existence of a duty of care owed by the defendants to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Thompson v. Gordon,* 948 N.E.2d 39, 45 (Ill. 2011).  The Bureau of Prisons has a statutory duty to care for prisoners in its custody (18 U.S.C. § 4042(a)(2)).  Thus, as a general matter, the allegations in the compliant support the FTCA claim alleged in Count 2.  Count 2 shall proceed against the United States for compensatory damages.

**Count 3**

Count 3 is an FTCA negligence claim, relative to the failure of healthcare workers to do anything more than wash the blood from Plaintiff's wounds. Although the complaint does not describe Plaintiff's injuries in any detail, the attack upon Plaintiff is described as "brutal" and leaving Plaintiff bloodied, which is sufficient under the notice pleading standard to suggest a negligent breach of the general duty of care owed to prisoners—a medical malpractice claim. However, that does not end the analysis.

As noted above relative to Count 1, the FTCA allows suit against the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Palay,* 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)). Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *See* 735 ILCS § 5/2–622. The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILCS § 5/2–622. The plaintiff must also attach a copy of the health professional's written report, "clearly identifying ... the reasons for the reviewing health professional's determination that a reasonable and meritorious" case exists. 735 ILCS § 5/2–622(a)(1). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILCS §5/2-622(b). Compliance with Section 5/2–622 is mandatory, and failure to file the affidavit and written report in a medical malpractice case "shall be grounds for dismissal ...." 735 ILCS § 5/2–622(g).

Plaintiff has not submitted the required certificate. Count 3, therefore, will be dismissed without prejudice.

**Count 4**

Count 4 pertains to the allegations that, when Plaintiff was placed in the SHU after the assault, he was deprived of his wheelchair and walker and housed in an area that was not compliant with the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq*.

The ADA forbids discrimination against persons with disabilities in three major areas of public life: employment (Title I of the statute); public services, programs, and activities (Title II); and public accommodations (Title III). *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). The complaint does not specify any particular provision or title of the ADA. Clearly, Title I relative to the employment context is not implicated. Title II does not apply to the federal government. 42 U.S.C. § 12131(1)(B); *see also Cellular Phone Task Force v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000)) ("Title II of the ADA is applicable only to state and local governments, not the federal government."). Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment ... of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of accommodation." 42 U.S.C. § 12182(a). However, a jail or prison facility does not constitute a place of "public accommodation" as defined in the applicable statutory provisions. *See* 42 U.S.C. § 12181(7). The ADA does not apply to the federal government—because the Bureau of Prisons is a federal agency, and the individual defendants are federal employees, no cause of action has been stated. *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). Consequently, Count 4 will be dismissed with prejudice.

**Count 5**

Count 5 is premised upon the allegations that while housed in the SHU Plaintiff was denied showers and recreation, which he characterizes as cruel and unusual punishment, implicating the Eighth Amendment.

To plead an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate need only allege that prison officials knowingly denied him "the minimal civilized measure of life's necessities." *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) ("Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities.' " (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994))). Count 5 fails to state a viable claim under the *Twombly* pleading standard. The length of time spent in the SHU without showers and recreation is not indicated. Moreover, no named defendants are tied to the allegations. In order to state a *Bivens* claim, personal involvement must be alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Therefore, Count 5 will be dismissed without prejudice.

**The Defendants**

The caption of the complaint lists 16 individual defendants and the United States. As already noted, the United States is the proper defendant to the FTCA claim designated as "Count 2." However, all the other named defendants must be dismissed. The narrative of the complaint only mentions Defendant C/O Humphrey. C/O Brooks is mentioned in the narrative, but he is not a named defendant; rather, Physician's Assistant ("PA") Brooks is named as a defendant. Furthermore, merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Consequently, the complaint also fails to state claims against: Warden J.S. Walton; Health Services Administrator Winklemeier; Nurse

Patrick Trovillion; Nurse Richardson; Counselor Eric Edmister; Physician's Assistant Leslee D. Brooks; C/O Tolbert; C/O Walters; C/O Mowery; C/O Lenon; C/O Quartmous; C/O Hampton; C/O Cook; C/O Hicks; and C/O Morris.  None of those individuals are mentioned in the narrative of the complaint.  The sole remaining defendant is the United States.

**Severance**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).  This concept should be kept in mind when drafting any amended complaint in order to avoid having claims severed into separate actions.  Count 1, if properly pleaded, would appear to be properly joined with Count 2, which is proceeding in this action.  However, Count 3 could not be properly joined with Count 2.  Similarly, it does not appear that Count 5 could be joined with any of the other counts.  *If* Plaintiff wants to pursue the claims suggested in Counts 3 and 5, he must initiate two new cases, each of which would carry a filing fee.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's motion to correct typographical error (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the following defendants are **DISMISSED without prejudice**:  **C/O HUMPHREY; WARDEN J.S. WALTON; HEALTH SERVICES ADMINISTRATOR WINKLEMEIER; NURSE PATRICK TROVILLION; NURSE RICHARDSON; COUNSELOR ERIC EDMISTER; PHYSICIAN'S ASSISTANT**

**LESLEE D. BROOKS; C/O TOLBERT; C/O WALTERS; C/O MOWERY; C/O LENON; C/O QUARTMOUS; C/O HAMPTON; C/O COOK; C/O HICKS; and C/O MORRIS.**

**IT IS FURTHER ORDERED** that **COUNTS 1, 3 and 5** are **DISMISSED without prejudice**, and **COUNT 4** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2**, the FTCA "negligent failure to protect" claim against the **UNITED STATES ("USA")** shall **PROCEED**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under 28 U.S.C. § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  January 5, 2015

s/ STACI M. YANDLE<br>**United States District Judge**