IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14 CV 1331 JPG/RJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**DALY, Magistrate Judge:**

Before the Court is the Defendant United States of America's Motion for Summary Judgment. (Doc. 56.) Plaintiff was an inmate at the United States Penitentiary in Marion, Illinois ("USP Marion"). On December 1, 2014, Plaintiff filed this action alleging violations of his constitutional rights and statutory rights and claims of negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1.) Plaintiff now proceeds on his complaint solely on Count 2, which alleges that the United States, by and through Officer David Murray, negligently failed to protect Plaintiff from an inmate assault. Defendant seeks summary judgment on Count 2. For the following reasons, it is recommended that the Court grant Defendant's Motion for Summary Judgment and enter judgment in favor of Defendant and against Plaintiff.

**I.  BACKGROUND**

From 2007 to 2014, Plaintiff was incarcerated at USP Marion. (Doc. 56-3 at 6.) Officer David Murray served as a correctional officer at USP Marion. (*Id.* at 12.) Plaintiff resided in N-unit, and, on April 26, 2014, from 8:00 a.m. to 4:00 p.m., Officer Murray was assigned to N-

Unit.  (*Id.* at 7; Doc. 60-3 at 6.)  At USP Marion, post orders instructed officers to not leave their posts unless properly relieved or unless instructed to do so by a supervisor.  (Doc. 60-3 at 15.)

Around noon that day, Plaintiff sat in front of his cell to watch television.  (Doc. 56-3 at 7.)  Officer Murray radioed Lieutenant Brooks to come to N-Unit but left N-Unit before Lieutenant Brooks arrived.  (*Id.* at 12-13; Doc. 56-2.)  Shortly after Lieutenant Brooks' arrival, Inmate Venzor assaulted Plaintiff, knocking Plaintiff to the floor and repeatedly striking him in the head.  (Doc. 56-2; Doc. 56-3 at 10.)  Several correctional officers, including Officer Murray, appeared on the scene in response to the assault.  (Doc. 56-3 at 12.)  The assault occurred over a period of ten to fifteen seconds.  (*Id.* at 10.)

The facility conducted an investigation of the assault during the following weeks, which revealed that inmate Venzor assaulted Plaintiff because he believed that Plaintiff had informed staff regarding inmates' possession of homemade intoxicants.  (Doc. 60-4.)  During interviews, several other inmates reported their belief that Plaintiff was attacked due to the perception that Plaintiff was a snitch.  (*Id.*)  During depositions, Plaintiff testified that he had no reason to anticipate an assault from inmate Venzor, and Officer Murray testified that he did not know why inmate Venzor assaulted Plaintiff.  (Doc. 56-3 at 9; Doc. 60-3 at 64.)

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment against Plaintiff on Count 2.  Federal Rule of Civil Procedure 56(a) states that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  When faced with a motion for summary judgment, the Court shall "examine the record and all reasonable inferences in the light most favorable to the non-moving party."  *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014).  Summary judgment

must be denied "if a material issue of fact exists that would allow a reasonable jury to find in favor of the non-moving party." *Id.*

Defendant argues that Plaintiff cannot demonstrate that Officer Murray's absence was the proximate cause of the assault. Plaintiff responds that it was reasonably foreseeable for an inmate assault to occur during Officer Murray's absence in violation of the post orders and further responds that the assault was reasonably foreseeable in light of the perception by other inmates that Plaintiff was a snitch.

The FTCA is a limited waiver of the Government's sovereign immunity that generally gives federal courts exclusive jurisdiction of civil actions on negligence claims against the United States. 28 U.S.C. § 1346(b)(1). Under the FTCA, the United States may be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *United States v. Muniz*, 374 U.S. 150, 153 (1963); *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). The Court must apply the substantive law of the state where the act or omission occurred. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Augutis*, 732 F.3d at 752. Here, the alleged negligence occurred in Illinois.

Under Illinois law, "in order to prevail in an action for negligence, the plaintiff must prove that the defendant owed a duty, that defendant breached that duty, and that defendant's breach was the proximate cause of injury to the plaintiff." *Am. Nat. Bank & Trust Co. of Chicago v. Nat'l Advert*. Co., 594 N.E.2d 313, 318 (1992). To establish proximate cause, a plaintiff must show "the injury is of a type that a reasonable person would see as a likely result of his or her conduct." *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1072 (1999). "What is foreseeable necessarily must be judged by the facts in each case, and by taking judicial notice of the prison environment." *Askew v. State*, 47 Ill. Ct. Cl. 75, 77 (1995). In the

context of inmate assaults, Illinois courts have held that "even where institutional procedures are violated, which violation permits one inmate to attack and injure another, no recovery can be had by the injured inmate in the absence of proof that Respondent's agents anticipated, or should have anticipated, that third persons would commit criminal acts against Claimant." *Daugherty (Randy) v. State*, 43 Ill. Ct. Cl. 316, 318 (1991); *Childs v. State*, 38 Ill. Ct. Cl. 196, 199 (1985); *Carev v. State*, 35 Ill. Ct. Cl. 96, 103 (1981); *see also Greene v. United States*, 1993 WL 410721 at *3 (7th Cir. 1993) ("[I]n cases where one inmate is assaulted by another, a breach of the duty of ordinary care usually requires a showing that correctional officials knew of a potential problem between the two inmates prior to the assault.").

Here, the post-assault investigation revealed that inmate Venzor assaulted Plaintiff due to the perception that Plaintiff informed staff regarding the presence of homemade intoxicants. However, no evidence suggests that Officer Murray was aware or should have been aware of this perception at the time of the assault. To demonstrate foreseeability, a plaintiff inmate may introduce evidence that: "(1) he informed prison staff of a problem between himself and his assailant, (2) he requested protective status, (3) extraordinary incidents had occurred near the time of the assault, or (4) prison staff had observed group tension indicating danger to the security of the victim." *Greene*, 1993 WL 410721 at *3, n.3. Plaintiff has provided no such evidence; to the contrary, Plaintiff concedes that he had no reason to suspect that inmate Venzor would attack him, and Officer Murray denied that he knew why the assault occurred.

In sum, the evidence before the Court is insufficient to demonstrate that Officer Murray was aware or should have been aware that inmate Venzor would assault Plaintiff. Accordingly, it is recommended that the Court grant Defendant's Motion for Summary Judgment and enter judgment in favor of Defendant.

### III.  RECOMMENDATION

For the foregoing reasons, it is hereby RECOMMENDED that the Defendant United States of America's Motion for Summary Judgment (Doc. 56) be GRANTED with respect to Count 2.  Because no other claims remain, it is further RECOMMENDED that judgment be entered in favor of Defendant United States of America and against Plaintiff Anthony Castro.

**SO RECOMMENDED.**

**DATED: December 13, 2016**            *s/      Reona J. Daly*
                                        **UNITED STATES MAGISTRATE JUDGE**