IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CASTRO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-cv-01331-JPG-RJD |
| | ) |
| USA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 65) of Magistrate Judge Reona J. Daly with regard to Defendant USA's Motion (doc. 56) for Summary Judgment. Plaintiff filed an objection (Doc. 68) to the R & R and the defendant filed a response (Doc. 69) to the Plaintiff's objection.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed.R.Civ.P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As objections have been filed, the Court will review those portions of the R & R *de novo*.

1. **Background.**

This matter arises out of an incident which occurred on April 26, 2014, when Plaintiff was attacked by another inmate. At this time, the only remaining claim is a Federal Tort Claims Act ("FTCA") action against the defendant United States of America. Specifically, the plaintiff

alleges that the government acted negligently in failing to protect the plaintiff from an assault by the other inmate. The R & R recommends that summary judgment be granted.

**2. Standard.**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

Plaintiff's objection states that, "the magistrate judge applied the wrong law in analyzing Castro's burden of proof necessary to withstand summary judgement and failed to interpret all reasonable inferences from the facts in Castro's favor; and because Castro has demonstrated that a genuine dispute of material fact exists regarding the issue of proximate causation that can only be decided by a jury." (Doc. 68, pg ). He cites to *United States v. Muniz*, 374 U.S. 150 (1963):

> One last point remains. Jailers in some States are not liable to their prisoners. For example, several States have decided that a warden in charge of a penitentiary, or a sheriff in charge of a county jail, is immune from suit because he exercises a quasi-judicial function requiring the use of discretion. Another has decided that the master of a house of correction has no duty of care toward his prisoners which would make him liable for his negligence. And there are overtones in these decisions suggesting that liability is also denied because of the fear that prison discipline would otherwise be undermined. Such cases should not be persuasive. Just as we refused to import the 'casuistries of municipal liability for torts' in Indian Towing, so we think it improper to limit suits by federal prisoners because of restrictive state rules of immunity. Whether a discretionary function is involved is a matter to be decided under 28 U.S.C. s 2680(a), rather than under state rules relating to political, judicial, quasi-judicial, and ministerial functions. And the duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. s 4042, independent of an inconsistent state rule. Finally, having decided that discipline in the federal prisons will not be so seriously impaired that all

> recovery should be denied for negligently inflicted injuries, we should not at the same time make recovery depend upon a State's decision to the contrary. *Id.* at 164–65.

The quote above sets out that a state cannot limit a FTCA action with rules of immunity or the presence of a compensation system. *Id.* at 160, 154. The *Muniz* Court also makes clear that the FTCA requires state law to be applied as it would with a "private" individual.

> Without more definite indication of the risks of harm from diversity, we conclude that the prison system will not be disrupted by the application of Connecticut law in one case and Indiana law in another to decide whether the Government should be liable to a prisoner for the negligence of its employees. Finally, though the Government expresses some concern that the nonuniform right to recover will prejudice prisoners, it nonetheless seems clear that no recovery would prejudice them even more. *Id.* at 162.

Based on the above, the plaintiff argues that the R & R was incorrect to rely on Illinois Court of Claims' cases as those actions only involve state employee and not "private" individuals. Instead, the plaintiff argues that Illinois law regarding a "private individual" should be applied. The Court agrees and under Illinois law, "[i]n order to prevail in an action for negligence, the plaintiff must prove that the defendant owed a duty, that defendant breached that duty, and that defendant's breach was the proximate cause of injury to the plaintiff." *Am. Nat. Bank & Trust Co. of Chicago v. Natl. Advert. Co.*, 594 N.E.2d 313, 318 (Ill. 1992).

"Unless a duty is owed, there is no negligence. Whether a duty exists is a question of law for the court to decide." *Am. Nat. Bank & Trust Co. of Chicago v. Natl. Advert. Co.*, 594 N.E.2d 313, 318 (Ill. 1992)(internal citation omitted.) "Among the factors which this court has considered relevant to the existence of a duty are reasonable foreseeability, the likelihood of injury, and the extent of the burden placed upon the defendant in guarding against an injury." *Id.* at 318. "'Foreseeability means that which it is *objectively reasonable* to expect, not merely what might conceivably occur.'" *Id.* at 320, quoting *Winnett v. Winnett* (1974), 57 Ill.2d 7, 12–13, 310 N.E.2d 1) (emphasis in original.)

3

The R & R found that, "the evidence before the Court is insufficient to demonstrate that Officer Murray was aware or should have been aware that inmate Venzor would assault Plaintiff." Plaintiff argues that the Magistrate Judge failed to take, "all reasonable inferences in favor of Castro" as "Castro has presented evidence that Lieutenant Brooks was not in the N-Unit at the time of the assault began." The plaintiff further argues that, "whether Lieutenant Brooks was present before the attack occurred is a material fact in this case. If he was not, then that necessarily means no correctional officer was present when the attack occurred; making the attack more foreseeable."

However, as the defendant notes, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). In this matter, "video footage unequivocally establishes that Lt. Brooks entered N-Unit prior to the attack, saw the attack begin several seconds later, and immediately took action." (Doc. 69, *video manually submitted*.)

Therefore, there is no material issue of material fact with regard to whether a correctional officer was present in N-Unit when the attack occurred and no evidence that the defendant knew, or could have foreseen, the assault on the plaintiff.

Based on the above, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 65) and **GRANTS** Defendant United States' Motion (Doc. 56) for Summary Judgment. As there are no remaining claims, this matter is **DIMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:** 2/15/2017

                                      *s/J. Phil Gilbert*
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**